■ EDWARD J. BAILEY, Appellant, v AMERICAN BUREAU OF SHIPPING, Respondent. [617 NYS2d 173] —Order, Supreme Court, New York County (Peter Tom, J.), entered on or about May 27, 1993 in an action seeking to recover severance pay, the reasonable value of plaintiff's services, and attorneys' fees and liquidated damages under Labor Law § 198 (1-a), which granted defendant's motion to dismiss the cause of action seeking to recover severance pay, and denied plaintiff's cross motion for summary judgment on his cause of action under Labor Law § 198, unanimously affirmed, without costs.

We agree with the IAS Court that the alleged representation defendant's Chairman made to plaintiff that approval of plaintiff's hiring by defendant's Board of Managers was a mere "formality", and the fact that plaintiff began working for defendant prior to such approval, do not provide a basis for finding that defendant either waived such approval as a precondition to plaintiff's hiring or should be estopped from asserting it. As the IAS Court held, a waiver cannot be found since plaintiff was at all times advised of the need for such approval, and an estoppel cannot be found since the alleged representation was "akin to a production of something which is merely hoped or expected", and not an assurance that plaintiff would be hired. Since no contract of employment was formed, plaintiff's cause of action for severance pay was properly dismissed. With respect to the cause of action under Labor Law § 198, the IAS Court correctly held that the willfulness of defendant's refusal to pay plaintiff the wages he seeks for two weeks of services is an issue of fact that cannot be resolved on this record. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.